```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-81042-CIV-HURLEY
                              MAGISTRATE JUDGE P.A. WHITE
```

CARL POITIER,                   :

    Plaintiff,              :

v.                              :       PRELIMINARY REPORT
                                                          MAGISTRATE JUDGE
DEPT. OF CORRECTIONS,
et al.,                         :

    Defendants.             :
_____

## I. Introduction

Carl Poitier filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983, while confined in Moore Haven Correctional Facility. He is proceeding _in forma pauperis_.

This civil action is before the Court for an initial screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

```
            the court shall dismiss the case at any time
            if the court determines that -

                         *    *    *

            (B) the action or appeal -

                         *    *    *

            (i)  is frivolous or malicious;

            (ii) fails to state a claim on which
            relief may be granted; or

            (iii) seeks monetary relief from a
            defendant who is immune from such
            relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11

Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

B.  Facts of Complaint

The plaintiff names Jimmie Whispher, and Vick Gummere, Maintenance Supervisors at Belle Glade, and Dr. R. Johnson, Chief Medical Doctor at Belle Glade.[2] The plaintiff states that on August 28, 2009, he reported for work at the Belle Glade Work Camp in the maintenance building. While working, he was involved in an accident that resulted in the loss of his finger and damages to his right hand.  He alleges that Defendant Whispher failed to provide proper maintenance for the machines, and falsified a document and grievance sheet, and Defendant Gummere failed to properly train the plaintiff in the safe use of the equipment.

He further contends that Dr. Johnson decided to remove him from Glades Hospital and send him to Kendall of Miami. During the transfer his finger was lost and surgery was performed without his finger. He states that doctors at Kendal Hospital recommended therapy five times, which may not have been provided by Dr. Johnson. He states that a doctor "recommend surgery for all, cancel by Dr. Johnson" on December 22, 2009. No other facts are provided.[3]

C. Sufficiency of Complaint
   Negligence

Poitier is alleging that Gummere was negligent in failing to train him in the use of the machinery, resulting in his accident. He has failed to state a claim. The Supreme Court has held that the

---

[2] A maintenance worker may be considered acting under color of state law. Smith v Fox, 1007 WL 2156636 (DSC 2007).

[3] The plaintiff provides copies of grievances, however none are related to Dr. Johnson's actions (DE#9).

Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property, see Daniels v. Williams, 474 U.S. 327, 329-36 (1986) (pretrial detainee who slipped on pillow left on stairway by prison official could not recover under §1983); Davidson v. Cannon, 474 U.S. 344 (1986) (state prisoner injured by fellow inmate), and have expressed concern with a reading of section 1983 which would turn the Fourteenth Amendment into a font of tort law to be superimposed upon whatever systems may already be administered by the states. Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Baker v. McCollan, supra, the Supreme Court warned that §1983 must not be used to duplicate state tort law on the federal level, stating in pertinent part, as follows:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

443 U.S. at 146.

In Davidson v. Cannon, supra, a companion case to Daniels v. Williams, the Court again held that conduct which amounts to nothing more than ordinary tort negligence was not actionable under §1983, stating as follows:

> Lack of due care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to pre-vent...[consequently]...where a government

5

>official is merely negligent in causing the injury, no procedure for compensation is constitutionally required. 474 U.S. at 347-48.

Pursuant to the above case law, the plaintiff has failed to demonstrate a constitutional violation. For the same reason as stated above, the plaintiff's allegations against Defendant Whisper also must fail. He alleges that Whisper failed to properly maintain his equipment. This action does not violate a constitutionally protected right, and at most would constitute negligence, not cognizable in §1983 actions. These defendants should be dismissed for failure to state a claim against them.

### Denial of Adequate Medical treatment

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component

requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). [4]

The plaintiff states that Dr. Johnson was responsible for the decision to remove him from the hospital in Belle Glade and transfer him to Kendall Hospital, during which transfer his finger was lost. This allegation fails to state a constitutional violation. Dr. Johnson, who presumably made the decision to transfer the plaintiff for his benefit, cannot be held responsible for the loss of his finger. As to his claim that Dr. Johnson did not provide him with therapy for his hand and may have cancelled some surgical procedure, the facts as stated are too sparse to demonstrate deliberate indifference to his serious medical needs. Twombly, supra.

### III. Recommendation

This case should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

Objections to this Report may be filed with the District Judge within fourteen days following receipt.

If the plaintiff wishes to amend his complaint to allege specific facts as to the denial of medical treatment by Dr.

---

[4] The plaintiff may have been a pre-trial detainee at the time of the incident, and if so his rights are obtained through the Due Process Clause of the Fourteenth Amendment. Hamm v DeKalb County, 774 F.2d 1567 (11 Cir. 1985). These rights are identical to the rights guaranteed by the Eighth Amendment.

Johnson, he may amend his complaint <u>solely as to this issue</u> with his objections.

Dated at Miami, Florida, this 16th day of November, 2010.

                                              UNITED STATES MAGISTRATE JUDGE

cc:   Carl Poitier, Pro se
       Moore Haven Correctional Facility
       Address of record